The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Hedrick. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
******************
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. On the date of plaintiff's alleged injury, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On that date, an employment relationship existed between plaintiff and defendant-employer.
3. Plaintiff's average weekly wage was $246.76.
4. Plaintiff has not returned to work for defendant-employer since 20 March 1996.
5. A Form 22 Wage Chart, marked as Stipulated Exhibit Number Two, is admitted into evidence.
6. A set of plaintiff's medical records marked as Stipulated Exhibit Number Three is admitted into evidence.
7. A set of plaintiff's medical records received from plaintiff's counsel on 25 March 1997 is admitted into evidence.
******************
EVIDENTIARY RULINGS
The objections appearing in the deposition of Dr. Hardy are OVERRULED.
******************
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing plaintiff was a single thirty-four year old male with a twelfth grade education and an employment history that included work as a mechanic.
2. Plaintiff began working for defendant-employer on 29 October 1995 as an "Account Manager." Defendant-employer was a furniture and appliance rental business. Plaintiff's primary duties were to load furniture and appliances into a delivery truck and to deliver these items to defendant-employer's customers. Plaintiff or his co-worker drove the delivery truck. Plaintiff was also responsible for repossessing furniture or appliances on accounts when payments were delinquent.
3. Approximately one week prior to 18 March 1996 Mr. White, the manager of defendant-employer's business, offered to raise plaintiff's weekly salary by $10.00. On 18 March 1996, plaintiff informed Mr. White that he could keep the offered raise, he was insulted by the offer, he would no longer work after 7:00 p.m. and that he would be seeking alternative employment. Plaintiff was not scheduled to work on 19 March 1996.
4. Plaintiff testified that on 18 March 1996, he and a co-worker were moving a dresser to the front of defendant-employer's store to place into a display. He further testified that as he was lifting or carrying the dresser he felt a pop in the left side of his back and that he had to put the dresser down. He then experienced numbness on the entire left side of his body and was unable to lift his left arm. Plaintiff testified that he informed Mr. White and others who were present at the time of the incident that he had injured himself.
5. Plaintiff completed his regular work shift on 18 March 1996.
6. Plaintiff did not report to defendant-employer that he had sustained an injury while working on 18 March 1996.
7. When plaintiff arrived at work on 20 March 1996 Mr. White asked to speak to plaintiff and informed him that another employee had been hired to replace him and that he was no longer needed as an employee. Plaintiff responded that he had changed his mind. Mr. White then presented plaintiff with a form entitled "Resignation" which had been completed by Mr. White. Mr. White asked plaintiff to sign the form. Plaintiff argued with Mr. White about the form, but then returned his beeper, signed the form and left defendant-employer's premises.
8. Plaintiff returned to defendant-employer's premises later the same week to receive his last paycheck from defendant-employer. Plaintiff rode a bicycle to defendant-employer's business on that date. Plaintiff returned to defendant-employer's premises on at least two occasions. On at least one occasion, plaintiff was intoxicated and acted belligerently toward Mr. White. Plaintiff first reported his alleged injury to defendant-employer when he returned to defendant-employer's business to receive his paycheck.
9. Plaintiff first sought medical treatment on 25 March 1996 at the Lenoir Memorial Hospital Emergency Room. On that date plaintiff complained of experiencing low back pain for one week as a result of lifting furniture.
10. Thereafter, plaintiff was referred to physical therapy for four or five weeks. Plaintiff attended only three of the scheduled physical therapy sessions and was therefore terminated from the program for non-compliance. The physical therapy was prescribed by Dr. Hardy, to whom plaintiff had been referred by his attorney.
11. Having heard plaintiff's testimony, observed his demeanor and considered the testimony of the other witnesses and the other evidence of record, the undersigned does not accept as credible plaintiff's testimony regarding the incident on 18 March 1996.
12. Since plaintiff's testimony was not credible, the evidence of record is insufficient to prove by its greater weight that plaintiff sustained an injury as a result of a specific traumatic incident of the work assigned or from an interruption of his normal work routine by unusual circumstances likely to result in unexpected consequences.
******************
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff is entitled to no compensation under the North Carolina Workers' Compensation Act.
******************
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. Each party shall bear its own costs.
This the 24th day of September 1997.
 S/ ___________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ___________________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ___________________________ WILLIAM HAIGH DEPUTY COMMISSIONER
DCS:jmf